## THREADGILL v. WELLS.

(Court of Civil Appeals of Texas. Austin. Jan. 17, 1912.)

1. APPEAL AND ERROR (§ 1068*)—QUESTIONS REVIEWABLE—IMMATERIAL QUESTIONS.

Where the jury did not find for plaintiff, any error in refusing a special charge predicated on a finding for him was immaterial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4225–4230; Dec. Dig. § 1068.*]

2. APPEAL AND ERROR (§§ 1001, 1002*)—VERDICT—CONCLUSIVENESS.

Where the evidence as a whole shows that the testimony supporting the verdict is clearly false, the verdict must be set aside; but where the evidence is conflicting a verdict will not be set aside, because the appellate court is of the opinion that it is against the preponderance of the evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3928–3937; Dec. Dig. §§ 1001, 1002.*]

Appeal from District Court, Tom Green County; J. W. Timmins, Judge.

Action by W. A. Threadgill against J. N. Wells. From a judgment for defendant, plaintiff appeals. Affirmed.

C. E. Dubois, for appellant. R. Wilbur Brown, Bell & Upton, and Blanks, Collins & Jackson, for appellee.

### Findings of Fact.

JENKINS, J. Appellant brought this suit against J. N. Wells to recover on a note for $500, executed by said Wells and payable to the order of W. A. Threadgill, Jr., in which note the vendor's lien was retained on the south half of J. W. Blue 1,280-acre tract of land in Tom Green county, Tex., conveyed by said Threadgill, Jr., to appellee, Wells, and against De Wolf and West, who had become the owners of said land under said Wells, to foreclose said vendor's lien.

Wells alleged in his answer that the land was fully paid for at the time of its purchase, and that the note sued upon was executed by mistake; that it was intended to execute only one note for $500, but, by mistake, two notes were executed; and that after the mistake was discovered he called attention of W. A. Threadgill, Jr., to the same, and he admitted the mistake, and said that the note would not be presented for payment. De

Wolf and West answered that they purchased the land from one Jeff Carter, who held under said Wells, and who was an innocent purchaser for value of said land, having no actual notice of the execution of said note. The deed from Threadgill, Jr., to Wells recited a cash consideration; and there was a deed of trust given to secure the $500 purchase-money note, but not the one herein sued on. Subsequent to the execution of said deed, and prior to the purchase of said land by Carter, W. A. Threadgill, Jr., by a written instrument, transferred said note and vendor's lien retained in the same to appellant, W. A. Threadgill, and said transfer was placed of record. Upon the trial of this case, the court peremptorily instructed a verdict for De Wolf and West, upon the ground that Carter, having had no actual notice of said vendor's lien and the record of said transfer, and the vendor's lien note being insufficient to charge him with constructive notice, he was an innocent purchaser for value; and that, although De Wolf and West, at the time of their purchase, knew of the existence of said note, they took the same title that Carter took, and consequently said lien could not be enforced against them. The court submitted the issue to the jury as to whether or not said note was executed by mistake of the parties, and upon this issue the jury found in favor of appellee, Wells.

### Opinion.

[1] Appellant's first assignment of error is that the court erred in refusing to give plaintiff's special charge No. 1. This charge, in substance, was that if the jury should find for the plaintiff on the note, they should also find for the plaintiff as to a foreclosure of his lien. It is immaterial as to whether or not said charge should have been given, inasmuch as the jury did not find for the plaintiff on the note; and therefore, had said charge been given, they could not have found against De Wolf and West as to foreclosure.

[2] Appellant's other assignments of error are, in substance, that the verdict of the jury is not supported by, but is contrary to, the evidence. The testimony of appellee, Wells, if the same was believed by the jury, was sufficient to sustain their finding. He testified positively that the note was executed by mistake. Appellant insists that there are circumstances in the case which tend to show that appellee Wells' testimony was not true, and his proposition under his third, fourth, fifth, sixth, and seventh assignments of error, which are considered together, is: "Where the material issue in a case depends on the credibility of witnesses, and the testimony necessary to support the verdict is shown by other facts that are undisputed, or contradictions or inconsistencies, to be clearly false, the verdict and judgment based thereon should be set aside." This proposition is correct;

that is to say, if the evidence, taken as a whole, shows that the testimony necessary to support the verdict is "clearly false," the verdict should be set aside. It cannot be said in this case that the testimony is clearly false. The jury might or might not have found in favor of the appellee under all the testimony in the case. The circumstances referred to in the brief of appellant were fair matters of argument to the jury, and doubtless were pressed upon their attention. The most that can be said in this case is that there was a clear-cut issue between the testimony of the appellee and the testimony of W. A. Threadgill, Jr., and the jury found in favor of appellee, Wells. If any proposition can be said to be settled by repeated and unbroken decisions of the courts of final resort in this state, it is that the verdict of a jury will not be set aside, because the same, in the opinion of the appellate court, may be against the preponderance of evidence. As far back as 1846, the Supreme Court of this state, speaking on this subject through Mr. Justice Wheeler, in the case of Briscoe v. Bronaugh, 1 Tex. 340, 46 Am. Dec. 108, said: "Of the weight of the evidence, they [the jury] are the judges. * * * The law refers the weight and of the different degrees of probability to the jury, who are to be guided in their decision by their conscientious judgment and belief, under all the circumstances of the case. And where the question is one of fact, to be ascertained by the jury from weighing the evidence and the degree and probability, the court will not interpose, for the purpose of granting a new trial, unless it be in order to remedy some manifest error. 'Where a controversy consists chiefly of questions of fact, the objections to a verdict must be very cogent to induce the court to grant a new trial.' In such a case, it is not enough that it is not clear that the verdict is right, but it must clearly appear that it is wrong, to induce the court to set aside the verdict." As will be seen by the authorities referred to in this case, the doctrine there referred to was considered as well established by ancient authorities at that date. Just how many times, or how many hundreds of times, this doctrine has been reannounced by the courts of this state, we are unable to say.

For the reason that the issue of fact material to appellant's recovery was fairly submitted to the jury, and there is sufficient evidence to support their verdict, the judgment of the trial court is here affirmed.